30 C.C.P.A. (Patents)

### In re PETERSON et al.

### Patent Appeal No. 4746.

Court of Customs and Patent Appeals.

June 1, 1943.

Mason & Porter, of Washington, D. C. (Herbert H. Porter and Eugene G. Mason, both of Washington, D. C., of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting claims 2, 5, 7, 12 and 13 of an application for "Improvements in Art of Reducing Noise in Flow of Water" as unpatentable over the prior art. Four claims were allowed.

Claim 2 is illustrative of the claims in issue and reads as follows: "2. A quiet flow device for a liquid jet comprising a member positioned at an angle to the liquid jet for receiving the impact thereof, said member having an imperforate impact receiving surface which is characterized by successive elevations and depressions, the elevations being spaced apart distances of the order of one-sixteenth to one-eightieth of an inch, and means for maintaining a supply of liquid about said roughened surface substantially throughout the duration of flow of said jet."

The references relied on are:
McKinnie, 701,496, June 3, 1902;
Wilson, 866,762, September 24, 1907;
Webb, 1,383,886, July 5, 1921.

The invention relates to a device for the reduction or elimination of noise incident to the flow of water as it is discharged at high velocity from the outlet pipe of a ball cock valve into a flush tank such as is commonly used in lavatories. It is stated in the application that one of the objects of appellants is the provision of means for avoiding noise which occurs when a jet or stream of water at high velocity is deflected. As shown in the drawings the flush tank operates in the conventional way, but is provided with a discharge tube extending toward the bottom of the tank and the end of which is always submerged in water. Appellants state this arrangement aids in keeping down undesirable noise. There is also provided a silencing member upon which the jet of water issuing from

the discharge tube strikes. That member is provided with an upper surface angled to the direction of the jet from the discharge tube, and such surface may be made sloping away from the axis of the tube and inclined at a slight angle in varying directions from the center. The upper surface of the silencing member is roughened, which roughening and general shape is said by appellants to cause the jet of water issuing from the discharge tube to be broken up into fine streams which dissipate into the main body of water without noise.

The McKinnie reference relates to mufflers for steam or other engines and discloses a construction wherein the sound of the discharge from the engine is deadened and the escaping vapors condensed more or less without the production of any material back pressure by reason of resistance in the muffler. The patentee states that he gets his best results in gas condensation and deadening of sound by the use of mineral wool or like substances in the muffler to cushion the impact of the discharge. The material, according to the specification, is comparatively open or loose in bulk, is readily absorbent and not affected by heat or steam or the like, and by placing it in front of the discharge nozzle as well as at the turns around the ends of walls which comprise the muffler sounds and escaping vapors are arrested. The mineral wool is apparently in a thick mass held in place by wire netting. The wool may be replaced as frequently as desired.

The patent to Wilson relates to a noise deadening means in metallic drain pipes for dwellings, particularly the type which embodies an elbow at its lower end from which rain water from the roof passes. The patent discloses a conventional drain pipe elbow outlet in the bottom of which and extending along the entire lateral length of the elbow there is placed a noise-deadening material which may be of stone, composition or any other substance having a tendency to reduce or do away with noise incident to the dropping or falling of water through the drain pipe.

The patent to Webb relates to a water silencer which may be attached to faucets of tubs and which also may be used in a toilet bowl flush tank. The sound muffler or silencer, as it is called by the patentee, comprises a tube one end of which is attached to the spigot of a tub or to the filling pipe of a toilet bowl tank. The muffler is substantially of right angled forma-tion, the lower portion of which is shorter than its upper portion. The discharge mouth of the muffler is oval in shape to provide, according to the patentee, for the spreading and expansion of the fluid as it passes through the discharge end of the tube. The discharge from the tube is in a substantially horizontal plane over the bottom of the tub, and when used in the toilet flush tank is apparently always submerged. Running substantially through the full length of the vertical portion of the muffler there is an internal spiralway, its convolutions being provided with a central aperture or vent communicating with the receiving end and discharging nozzle of the tube. By reason of the said spiralway, it is said that the water combined with steam as in a bathtub is subject to a swirling motion and the vent through the center operates to facilitate the outflow of expanding steam.

The Primary Examiner rejected the involved claims as unpatentable over the Wilson reference in view of the patent to McKinnie, and stated that since Webb shows it to be old to submerge the discharge outlet under water no invention could be seen in providing the device of the Wilson patent with a body of water covering the outlet of the elbow.

The Board of Appeals affirmed the decision of the examiner, stating in its decision that the device disclosed in the Webb patent was of the same general structure and nature as that disclosed by appellants, and it did not consider that invention would be involved in providing below the discharge pipe of Webb a receiving surface such as is shown in the patents to Wilson and to McKinnie for the same or equivalent purposes.

Appellants' invention relates to means for preventing the creation of noise caused when a high velocity jet of water is discharged against the bottom of the tank. Their problem was to provide means for preventing such noise. They claim to have solved this problem by providing roughening of a specific, definite character on the submerged surface of the means which receives the impact of the high velocity jet of water.

It is clear that none of the references teaches the combination of specific structural elements defined in the involved claims, and the question for our decision is whether or not the teachings of the cited prior art would render it obvious to one-

skilled therein to select, substitute and modify elements disclosed in the prior art to produce the structure of appellants.

The patent to McKinnie does not prevent a noise from being created when a jet encounters a surface. The muffler of the patent merely dissipates and absorbs the pulsating sound waves of gaseous discharges from an engine. We are unable to appreciate how anything disclosed or taught in that patent could hint to one skilled in the art the practicability and utility of the roughened noise-dissipating member shown by the appellants.

We can see no teaching in the patent to Webb which might suggest to one skilled in the art how to construct the device of appellants. Webb's silencing means was in his tube and its internal convolutions. Even though the mouth of his tube remained below the surface of the water when the tank was flushed, nevertheless his structure can in no way, in our opinion, be understood to teach anything that would lead to solving the said problem of appellants.

The device of the Wilson patent is merely intended to eliminate the noise caused by dripping water in a drain pipe. Obviously, if the dripping did not strike the metal, there would be no noise. The patent does not indicate whether the sound deadening means has a rough or smooth surface, but of course the nature of the surface would be immaterial as far as the structure of the device of the patent is concerned. There is nothing in that structure which would suggest that the silencing means with the roughened surface as defined in the involved claims would change the high velocity jet into fine jets which would dissipate into the water submerging said means.

We see no reason to believe that one skilled in the art with said references before him would without the exercise of invention construct the device of appellants by modifying the Wilson drain pipe arrangement to include the wool shown in the McKinnie reference for roughening and then submerging the assembly in water as the mouth of the discharge tube is submerged in the Webb device.

We are convinced that it required invention over the cited art to produce the device defined in the involved claims and for that reason the decision of the Board of Appeals is reversed.

Reversed.